UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIE ABDELMESSIH, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>FIVE BELOW INC.<br>    Defendant. | CIVIL ACTION<br><br>No. 19-1487 |

### ORDER CERTIFYING SETTLEMENT CLASS AND FINALLY APPROVING CLASS ACTION SETTLEMENT

**AND NOW**, this 24th day of November, 2020, upon consideration of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (Docket No. 34) and all documents filed in connection therewith, after a hearing on November 19, 2020, for the reasons stated on the record at that hearing, and for good cause shown, **IT IS HEREBY ORDERED** that the Motion is **GRANTED** as set forth below.

Plaintiff Marie Abdelmessih ("Plaintiff" or "Representative Plaintiff") brought this class action case against Five Below Inc. ("Defendant") on April 8, 2019. (Class Action Complaint, Doc. No. 1.) In the Class Action Complaint ("Complaint"), Plaintiff asserted claims for negligence, invasion of privacy, breach of implied contract, negligence per se, breach of fiduciary duty, violation of Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq* ("FDUTPA"), and breach of confidence. According to the Complaint, Five Below failed both to properly secure and safeguard the payment card data ("PCD") and personally identifiable information ("PII") (collectively "Customer Data") of its on-line customers and to provide them timely, accurate and adequate notice when such information had been compromised by a third party ("the Security Incident"). Five Below denies the allegations in the Complaint.

The Parties, through their counsel, entered into a Settlement Agreement providing both relief on a class-wide basis, after good faith, arm's-length negotiations overseen by mediator Bennett G. Picker, Esq.  The Parties have agreed to settle this action, pursuant to the terms of the Settlement Agreement, and subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the settlement which, if approved, will result in dismissal of this action with prejudice.

The Settlement provides for reimbursement of up to $250.00 per class member, including amounts for unreimbursed charges and fees, postage, costs for credit reports, and documented time spent dealing with the Security Incident. Defendant has also agreed to confirm its data security business practices, including hiring a dedicated IT security employee and, on an annual basis, implementing penetration testing, employee training related to data security, and an audit conducted by a Qualified Security Accessor for compliance with the Payment Card Industry Data Security Standard.

On May 7, 2020, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement and directing that notice be given to the Settlement Class (Docket No. 33).

Having reviewed the Settlement Agreement and Release, including the exhibits attached thereto (together, the "Settlement Agreement" or "Settlement"), and all prior proceedings herein, and for good cause shown, this Court **FINDS** and **ORDERS** as follows:

1. The capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

2. The Court has jurisdiction over the subject matter of this Litigation and over all claims raised therein and all Parties thereto, including the Settlement Class.

3. The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement relief, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class Members, within the authority of the parties and the result of arm's-length negotiations. In reaching this conclusion, the Court considered all the applicable *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) factors as well as the factors set forth in Fed. R. Civ. P. 23(e), to determine whether the Settlement Agreement is "fair, reasonable, and adequate," including considering whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

4. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

5. There have been no objections filed to the Settlement.

6. The Settlement Class, which will be bound by the Final Approval Order and Judgment, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

7. A Notice of those putative Settlement Class Members who have timely elected to opt out of the Settlement and the Settlement Class, and who therefore are not bound by the

Settlement, this Order and the Judgment to be entered hereon, was filed in advance of the Final Approval hearing (Docket No. 38) and a brief list of those same Settlement Class Members was filed following the hearing (Docket No. 42, Ex. 2). That list is attached as Exhibit A to this Order. All Settlement Class Members (as permanently certified below) shall be subject to all of the provisions of the Settlement, this Order and the Final Judgment to be entered hereon.

8. For purposes of the Settlement and this Final Approval Order, the Court hereby certifies the following Settlement Class:

> All persons residing in the United States who used a payment card to make a purchase on the Five Below website checkout page during the Security Incident.
>
> The Settlement Class specifically excludes: (i) Five Below and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; (iv) the attorneys representing the Parties in the Litigation; and (v) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

The putative Settlement Class Members identified on the list submitted to the Court and included on Exhibit A as having timely and properly elected exclude themselves from the Settlement Class are hereby excluded from the Settlement Class and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Rules 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Settlement Class is in connection with the Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement.

9. For purposes of settlement only, Plaintiff is certified as representative of the Settlement Class, and Class Counsel is appointed counsel to the Settlement Class. The Court concludes that Class Counsel and the Class Representative have fairly and adequately represented the Settlement Class with respect to the Settlement.

10. Notwithstanding the certification of the foregoing Settlement Class and appointment of the Class Representative for purposes of effecting the Settlement, if this Order is reversed on appeal or the Settlement is terminated or is not consummated for any reason, the foregoing certification of the Settlement Class and appointment of the Class Representative shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement might have asserted but for the Settlement.

11. The Court finds that the plan for Notice, set forth in Section IV.3 and Exhibit C of the Settlement Agreement, and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and of their right to object and to appear at the Final Approval hearing or to exclude themselves from the Settlement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

12. The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

13. The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved.

14. All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

15. Within the time period set forth in Sections IV.2 and IV.8, of the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

16. Upon the Effective Date, members of the Settlement Class who did not validly and timely exclude themselves from the Settlement Class shall, by operation of this Final Approval Order, have fully, finally, forever, and irrevocably released, relinquished and discharged Defendant from all claims that were or could have been asserted in the Litigation, as specified in Section IV.6 of the Settlement Agreement. All such Settlement Class Members shall be bound by the terms of the Settlement Agreement upon entry of this final approval order.

17. Plaintiff and Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement and this Order, or seeking any award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Litigation and/or as a result of or in addition to those provided by the Settlement Agreement. In addition, Plaintiff and each Settlement Class Member are hereby enjoined from asserting as a defense, including as a setoff or for any other purpose, any argument that if raised as an independent claim would be a Released Claim.

18.     With respect to all Released Claims, Plaintiff and each of the other Settlement Class Members have released, waived, and relinquished to the fullest extent permitted by law (a) the provisions, rights and benefits conferred by Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

and (b) any law of any state or territory of the United States, federal law, or principal of common law, or of international or foreign law, that is similar, comparable or equivalent to Section 1542 of the California Civil Code.

19.     The terms of the Settlement Agreement, this Final Approval Order and the Judgment to be entered hereon shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses which were or could have been asserted in the Litigation or are in any way related to the Security Incident at issue in the Litigation.

20.     The Final Approval Order, the Judgment to be entered hereon, the Settlement Agreement, the Settlement which it reflects and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any fault, wrongdoing, or liability on the part of Defendant or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Litigation.  This Order, the Settlement or any such communications shall not be offered or received in evidence in any action of proceeding, or be used in any way as an

admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; *provided*, *however*, that the Settlement, this Order and the Judgment to be entered hereon may be filed in any action by Defendant or Settlement Class Members seeking to enforce the Settlement or the Judgment by injunctive or other relief, or to assert defenses including, but not limited to, res judicata, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Settlement Class Members or any other person subject to the provisions of this Order.

21.    The above-captioned Litigation is hereby **DISMISSED** in its entirety with prejudice.  Except as otherwise provided in this Court's orders, the parties shall bear their own costs and attorney's fees.  Without affecting the finality of this Final Order in any way, the Court reserves jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and Settlement.

**IT IS SO ORDERED** this 24th day of November, 2020.

/s/ John R. Padova, J.
John R. Padova
United States District Court Judge

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIE ABDELMESSIH, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br>v.<br><br>FIVE BELOW INC.<br>               Defendant. | Case No.: 2:19-cv-1487<br><br>**FINAL LIST OF REQUESTS FOR EXCLUSION** |

Name:
- Brittney Capitanio
- Isidra Kay Griffith
- Betty Ludwig